**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOSHE MASRI, on behalf of himself and all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| -against- | |
| NORTHSTAR LOCATION SERVICES, LLC, | |
| Defendant. | |

Plaintiff Moshe Masri ("Plaintiff") brings this action against Defendant Northstar Location Services, LLC ("Defendant"), both on an individual basis and on the behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, alleges as follows:

**PRELIMINARY STATEMENT**

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008).

4. In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson,* 516 F.3d at 91.

5. Under the least sophisticated consumer standard, a collection letter violates the FDCPA where the letter contains language that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6. In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq.*. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is a natural person and a resident of Brooklyn, New York.

10. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Upon information and belief, Defendant's principal place of business and address for services of process is located at 4285 Genesee Street, Cheektowaga, NY 14225-1943.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

14. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

(a) all individuals with addresses in Kings County;

(b) to whom Defendant sent a form letter substantially and materially similar to the collection letter sent to Plaintiff;

(c) which stated "$0.00" as the total amount of the debt due as of charge-off; and

(e) which was sent on or after a date one (1) year prior to the filing of this action.

16. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and

legal counsel for all parties to this action and all members of their immediate families.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members

would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

19. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

20. Some time prior to October 19, 2019, an alleged debt was incurred by Plaintiff to T.D. Bank, N.A. ("TD Bank").

21. The alleged debt owed to TD Bank arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The alleged TD Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. TD Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. At an exact time known only to Defendant, the alleged debt was assigned or otherwise transferred to Defendant for collection.

25. On or about October 19, 2019, Defendant sent a collection letter (the "Letter") to Plaintiff regarding the alleged debt. *See* Exhibit A.

26. Plaintiff received the letter and read it.

27. Upon information and belief, the Letter was the first communication between Plaintiff and Defendant (the "Parties") regarding the alleged debt.

28. In the upper-right portion the Letter lists TD Bank as the creditor and also lists a balance of $12,443.55. Below, the Letter states that the account was referred to Defendant by TD Bank, with a past due amount of $12,433.55.

29. The Letter also contains the statutorily mandated Validation Notice, which, among other things, states that Plaintiff had 30 days from receipt of the Letter to dispute the validity of the purported debt in order to obtain verification thereof.

30. Below the Validation Notice, the Letter contains additional information regarding the total amount of the debt owed, displayed as follows:

> The total amount of the debt due as of charge-off: $0.00
> The total amount of payments and credits made on the debt since the charge-off: $0.00
> The total amount of interest accrued since charge-off: $0.00
> The total amount of non-interest charges or fees accrued since charge-off: $0.00

31. The Letter does not explain or otherwise identify what a "charge-off" is.

32. In the context of debt-collection, a charge-off is considered a declaration by a creditor of an inability to collect on a given debt, and typically occurs approximately six months after a consumer becomes delinquent on a debt.

33. The total amount of the debt due as of charge-off was listed as $0.00 by Defendant.

34. Plaintiff was confused and uncertain as a result of Defendant's foregoing misrepresentation that "the total amount of the debt due" is $0.00.

35. The least sophisticated consumer does not understand what a charge-off is.

36. Defendant impeded Plaintiff's understanding as to the total amount of his debt.

37. A misrepresentation or inaccurate statement regarding the total amount of a

6

consumer's debt is material and would affect the least sophisticated consumer's decisions, including but not limited to whether to dispute his debt, delay payment, or prioritize the payment of other debts.

38. Plaintiff was confused over whether he owed $0.00 or $12,433.55.

39. As a result of the foregoing, the Letter is reasonably susceptible to more than one reasonable interpretation in the eyes of the least sophisticated consumer.

40. As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

41. As such, Defendant's Letter is false, deceptive, and misleading.

42. Defendant's conduct harmed Plaintiff.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

45. Defendant violated 15 U.S.C. § 1692g(a)(1) by inaccurately stating the amount of the debt.

46. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosure of Plaintiff's right to dispute his debt pursuant to 15 U.S.C. § 1692g(a)(3).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant violated said section by sending Plaintiff a collection letter that:

   a. Is open to more than one reasonable interpretation by the least sophisticated consumer in violation of 15 U.S.C § 1692e(10);

   b. Is reasonably susceptible to an inaccurate reading by the least sophisticated consumer in violation of 15 U.S.C § 1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)  Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b)  Awarding Plaintiff and the Class statutory damages;

(c)  Awarding Plaintiff and the Class actual damages;

(d)  Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e)  Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 23, 2020          **COHEN & MIZRAHI LLP**

                       /s/ Joseph H. Mizrahi
                       JOSEPH H. MIZRAHI

JOSEPH H. MIZRAHI
JONATHAN B. WEISS
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*